**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DONALD COLLINS,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-112 (MTT)** |
| **KIM WILLSON,** | ) | |
| **Defendant.** | ) | |

**ORDER**

Plaintiff Donald Collins, proceeding pro se, asserts claims against Defendant Kim Willson, the Chief Clerk of the Probate Court of Houston County, relating to the administration of his father's estate in 2003 and an asserted denial of ADA accommodations for court proceedings. ECF 1. Willson moves to dismiss. ECF 6. For the following reasons, the Court will afford Collins the opportunity to amend the complaint no later than **October 28, 2026**.

The complaint is three pages long and largely bereft of non-conclusory allegations. *See* ECF 1. Collins is a stroke survivor living in Cambridge, Massachusetts. *Id.* ¶ 4. In 2003, Willson processed a 2003 probate order for the Estate of Amos Collins, Sr., Collins' father, despite the absence of a signed oath from the executor. *Id.* ¶¶ 7, 8. Then Willson failed to serve Collins or his brother with a traverse to caveat, also filed in 2003. *Id.* ¶ 8. On repeated, but unspecified occasions, Collins alleges Willson denied Collins remote access to court proceedings and denied filing deadline extensions. *Id.* ¶ 9. Collins also asserts that Willson "has engaged in a pattern of 'clerical gatekeeping,'

including the suppression of filings, falsification of docket activity, and the concealment of evidence from judicial review." *Id.* ¶ 6. The complaint does not identify any specific instances of alleged suppression, falsification, or concealment. ECF 1. Collins asserts three claims: 1) violation of the Fourteenth Amendment for deprivation of Collins' property interest in the estates of Amos Sr. and Amos Jr. without due process, 2) violation of Title II of the ADA, and 3) denial of access to courts. *Id.* at 3.

Collins' conclusory complaint is insufficient to state a claim for relief. In addition, Collins filed an improper surreply on Willson's motion to dismiss and asserts facts not mentioned in the complaint.[1] ECF 22; 23-1. For example, Collins states that on July 2, 2025, "a filing intended for [a probate case] was allegedly blocked or refused" by Willson, constituting a denial of access to the Courts. ECF 23-1 at 2. Nothing in the complaint mentions an attempt to file a document in July 2025. ECF 1. Thus, Collins did not apparently include the full factual basis for his claims in the complaint, and it is unclear whether a more carefully drafted pleading could state a claim. Given Collins' pro se status and particularly the danger that some of his claims, if dismissed, would be barred by the statute of limitations, the Court will afford Collins the opportunity to amend the complaint. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

Collins may amend the complaint to include all facts that he wishes to make a part of these proceedings and cite the appropriate statutory or constitutional authority

[1] Collins asserts new facts in the improper surreply despite the Court's warning that a response to a motion to dismiss is not the proper avenue for amending a complaint. ECF 11 at 2.

for bringing his claims. Collins shall have until **October 28, 2026,** to file an amended complaint.

Collins must provide enough facts to plausibly demonstrate that Willson's actions or omissions resulted in the violation of his rights under a specific law. It is also recommended that, when drafting his "statement of claims," Collins list numbered responses to the following questions (to the extent possible) along with Willson's name.

(1) What did Willson do (or not do) to violate his rights?

(2) When did each action occur?

(3) How was Collins injured as a result of Willson's actions?

The amended complaint will take the place of and supersede Collins' original complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847–48 (11th Cir. 2013). Collins may not refer to, or incorporate by reference, his previous complaint. The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

The Court does not now address Willson's motion to dismiss. ECF 6. If Collins files an amended complaint, the Court will then determine whether the amendment moots the motion.

**SO ORDERED**, this 7th day of October, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT